# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### May 3, 2005 Session

## STATE OF TENNESSEE v. HENRY ERIC NASH

**Direct Appeal from the Circuit Court for Tipton County**
**No. 4747      Joseph H. Walker, III, Judge**

─────────────────

**No. W2004-02403-CCA-R3-CD  - Filed November 7, 2005**

─────────────────

GARY R. WADE, P.J., concurring.


I agree with the result reached by the majority.  It is my view, however, that the trial court erred by giving the nature of circumstances definition of "knowingly" and the result of conduct definition of "intentionally" in its instructions to the jury.  As indicated by the majority, the trial court instructed the jury as follows:

> Knowingly means that a person acts knowingly with respect to the conduct or circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist.  The requirement of knowingly is also established if shown that the defendant acted intentionally.

> Intentionally means that a person acts intentionally with respect to the nature of the conduct or the result of the conduct when it's the person's conscious objective or desire to engage in the conduct.

In State v. Page, 81 S.W.3d 781 (Tenn. Crim. App. 2002), this court held that because second degree murder is a result-of-conduct offense, the trial court erred by including the nature-of-conduct and nature-of-circumstances definitions of "knowingly."  Our court concluded that a "jury instruction that allows a jury to convict on second degree murder based only upon awareness of the nature of the conduct or circumstances surrounding the conduct improperly lessens the state's burden of proof."  Id. at 788.  Further, this court ruled that the error could not be classified as harmless beyond a reasonable doubt because Page's mental state was a contested issue at trial.  Id. at 789-90.  In other cases addressing the same issue, however, this court has determined that an error of this nature might qualify as harmless beyond a reasonable doubt when mens rea is not a disputed issue at trial.  See, e.g., State v. Theron Davis, No. W2002-00446-CCA-R3-CD (Tenn. Crim. App., at Jackson, May 28, 2003).

Recently, in State v. Faulkner, 154 S.W.3d 48, 59 (Tenn. 2005), our supreme court limited the holding in Page, concluding that "[t]he superfluous language in the 'knowingly' definition did not lessen the burden of proof because it did not relieve the State of proving beyond a reasonable doubt that the defendant acted knowingly." Our high court concluded that the error did not qualify as a misstatement of an element and was, therefore, not an error of constitutional magnitude, as suggested by this court in Page and its progeny. Id. at 60. Nevertheless, our supreme court concluded that it was error for the trial court to give the inapplicable definitions of "knowingly" and "intentionally" but that the error was harmless. Id.

Because possession with intent to sell or deliver cocaine is a nature of conduct offense, see State v. Frank Gaitor, No. E2001-02531-CCA-R3-CD (Tenn. Crim. App., at Knoxville, Dec. 23, 2003), only the nature of conduct portion of the definitions of "knowingly" and "intentionally" should have been given to the jury. In my view, the definition of "intentionally" is not the same for both result of conduct and nature of conduct offenses as suggested by the majority. Although the statutory definition is only one sentence, portions of the sentence apply to different types of crimes. Page, 81 S.W.3d 787 ("[A]lthough the definition of "intentional" includes both nature of the conduct or result of the conduct, one may not be applicable to a given offense.").

As in Faulkner, the trial court here gave the proper definition of "knowingly" and "intentionally" but also included the inapplicable definitions of these terms. The inclusion of this "superfluous language" was error. Faulkner, 154 S.W.3d at 60. Because there was abundant proof of the defendant's guilt, however, the error qualifies as harmless. Tenn. R. Crim. P. 52(a); see Faulkner, 154 S.W.3d at 61. Like the majority, I would affirm the judgment of the trial court and thus concur with the result.

_____
GARY R. WADE, PRESIDING JUDGE